UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

PAUL GAROFALO, JOHN SILIEZAR,
STEVE PIPITONE, JUAN CANELO
and PETER REY

                              Plaintiff,                          **VERIFIED COMPLAINT**

          -against-

    VIVINT SOLAR, INC.,

                              Defendant.              **Civil Action No.:** CV- 18-2272
-------------------------------------------------------------------X

Plaintiffs, PAUL GAROFALO, JOHN SILIEZARO, STEVE PIPITONE and

JUAN CANELO by their attorney, MANDELL & SANTORA, complaining of the acts

of the Defendants, alleges, upon information and belief, as follows:

## I.    INTRODUCTION AND PARTIES

1.       This is an action brought by former employees seeking damages based on

the defendant's and its agents, knowing and willful failure to pay earned overtime wages,

despite the employees due demand for same, in violation of the Fair Labor Standards Act

and the New York Minimum Wage Act. Further, plaintiffs seek to remedy the

defendant's failure to provide written information about his employment and rate or

manner of pay for the work he performed, in violation of NY Labor Law Sec. 195.

Additionally, plaintiffs hereby demand a Trial by Jury of all issues pursuant to Federal

Rule of Procedure Number 38.

2.      Plaintiffs are seeking past due overtime compensation, liquidated damages, treble damages, reasonable attorney's fees and prejudgment interest pursuant to NY Labor Law Sec. 198 and NY Labor Law Sec. 663.

3.      That at all times hereinafter mentioned, the Plaintiff, PAUL GAROFALO (hereinafter Garofalo) was and is a resident of Nassau County, New York and was employed as a Lead Electrician and Team Foreman by defendant VIVINT SOLAR, INC. (hereinafter Vivint).

4.      That at all times hereinafter mentioned, the Plaintiff, JOHN SILIEZAR (hereinafter Siliezar) was and is a resident of Nassau County, New York and was employed as a Lead Electrician and Team Foreman by defendant VIVINT SOLAR, INC.

5.      That at all times hereinafter mentioned, the Plaintiff, STEVE PIPITONE (hereinafter Pipitone) was and is a resident of Nassau County, New York and was employed as a Lead Electrician by defendant VIVINT SOLAR, INC.

6.      That at all times hereinafter mentioned, the Plaintiff, JUAN CANELO (hereinafter Canelo) was a resident of Nassau County, New York and was employed as a Panel Installer by defendant VIVINT SOLAR, INC. Plaintiff Canelo is now a resident of Collin County, Texas.

7.      That at all times hereinafter mentioned, the Plaintiff, PETER REY (hereinafter Rey) was and is a resident of Nassau County, New York and was employed as an Electrical Apprentice and an Electrician by defendant VIVINT SOLAR, INC.

8.      That at all times hereinafter mentioned, the Defendant, VIVINT SOLAR, INC. was, and still is, a foreign business corporation, which is incorporated under and by virtue of the laws of the State of Delaware, which maintains a principal executive office

within the State of Utah, and which operates under and by virtue of the laws of the State of New York.

## II.    JURISDICTION

9.      This action is one in which the District Court has jurisdiction based on diversity of citizenship of the parties pursuant to 28 U.S.C. 1332. Specifically, the amount in controversy as claimed by all plaintiffs exceeds $75,000; and four of the named plaintiffs reside in the State of New York, one of the named plaintiffs resides in the State of Texas, defendant is incorporated under and by virtue of the laws of the State of Delaware and operates a principal executive office in the State of Utah. Therefore, there exists true diversity of citizenship between all plaintiffs and defendant

10.     This action is one which the District Court has original jurisdiction under 29 U.S.C. § 1331. The claims asserted herein arise under Title 29 Chapter 8 of the United States Code, the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 through 219. Pursuant to 29 U.S.C. § 1132 (e), relief relating to these sections is within the jurisdiction of the Federal Courts.

## III.   FACTUAL ALLEGATIONS

11.     Defendant Vivint is a corporation whose primary business is the installation of solar energy panels on the roofs of private residences, located within twenty U.S. States. Specifically, Vivint currently operates in the states of Arizona, California, Colorado, Connecticut, Florida, Hawaii, Maryland, Massachusetts, Nevada, New Hampshire, New Jersey, New Mexico, New York, Pennsylvania, Rhode Island, South Carolina, Texas, Utah, Vermont, and Virginia.

12.     In its capacity as a multi-state provider and installer of solar energy panels, Vivint sets up and establishes regional and local office locations within its business operations area. Vivint established and maintained such an office location in Plainview, NY.

13.     The local and regional office locations are administered by Operations Managers, who are employed by Vivint and whose task it is to ensure the smooth running of local installation operations, task installation jobs to the electricians and panel installers, ensure all the necessary equipment is available and properly maintained, set local policies with respect to their subordinate employees and enforce corporate policies mandated by the executives headquartered in Utah.

14.     Plaintiff Garofalo began working for Vivint in March, 2014 and was employed as a Lead Electrician and Team Foreman. As he was a resident of Nassau County, NY, he was assigned to Vivint's Long Island regional office, located in Plainview, NY (hereinafter Plainview office). His immediate supervisors were Dan Garity and Michael Mortenson, who were employed by Vivint as the Operations Managers of the Plainview office. His employment terminated in February, 2017.

15.     Throughout his employment at Vivint, Garofalo worked Monday through Saturday, arriving at work at 6 a.m. and not leaving until approximately 6 p.m, with one half hour for lunch, often taken while in transit between job sites, and two fifteen minute breaks. He conducted and oversaw the installation of solar panels, along with a team which included three other individuals.

16.     At all times relevant to this litigation, Garofalo and Vivint had an agreement that he would be paid on an hourly basis for his work on behalf of Vivint. Garofalo's hourly wages were at the rate of $19.00 per hour.

17.     At all times relevant to this litigation, although regularly working 72 hours per week, plaintiff Garofalo only received hourly wages based on forty hours of work and received no overtime benefits, until Vivint agreed to pay overtime benefits beginning in August, 2015. Vivint paid no back overtime wages, only agreeing to pay overtime wages for all work done going forward from August, 2015 and continuing.

18.     Plaintiff Garofalo was never compensated for his overtime hours for all excess hours worked between the dates of March, 2014 and August, 2015, amounting to 2176 hours of uncompensated overtime labor.

19.     Plaintiff Siliezar began working for Vivint in March, 2014 and was employed as a Lead Electrician and Team Foreman. As he was a resident of Nassau County, NY, he was assigned to Vivint's Long Island regional office, located in Plainview, NY (hereinafter Plainview office). His immediate supervisors were Dan Garity and Michael Mortenson, who were employed by Vivint as the Operations Managers of the Plainview office. His employment terminated in February, 2017.

20.     Throughout his employment at Vivint, Siliezar worked Monday through Saturday, arriving at work at 6 a.m. and not leaving until approximately 6 p.m, with one half hour for lunch, often taken while in transit between job sites, and two fifteen minute breaks. He conducted and oversaw the installation of solar panels, along with a team which included three other individuals.

21.     At all times relevant to this litigation, Siliezar and Vivint had an agreement that he would be paid on an hourly basis for his work on behalf of Vivint. Siliezar's hourly wages were at the rate of $19.00 per hour.

22.     At all times relevant to this litigation, although regularly working 72 hours per week, plaintiff Siliezar only received hourly wages based on forty hours of work and received no overtime benefits, until Vivint agreed to pay overtime benefits beginning in August, 2015. Vivint paid no back overtime wages, only agreeing to pay overtime wages for all work done going forward from August, 2015 and continuing.

23.     Plaintiff Siliezar was never compensated for his overtime hours for all excess hours worked between the dates of March, 2014 and August, 2015, amounting to 2176 hours of uncompensated overtime labor.

24.     Plaintiff Pipitone began working for Vivint in October, 2013 and was employed as a Lead Electrician. As he was a resident of Nassau County, NY, he was assigned to Vivint's Long Island regional office, located in Plainview, NY (hereinafter Plainview office). His immediate supervisors were Dan Garity and Michael Mortenson, who were employed by Vivint as the Operations Managers of the Plainview office. His employment terminated in January, 2016.

25.     Throughout his employment at Vivint, Pipitone worked Monday through Saturday, arriving at work at 6 a.m. and not leaving until approximately 6 p.m, with one half hour for lunch, often taken while in transit between job sites, and two fifteen minute breaks. He conducted the installation of solar panels, along with a team which included three other individuals.

26.     At all times relevant to this litigation, Pipitone and Vivint had an agreement that he would be paid on an hourly basis for his work on behalf of Vivint. Pipitone's hourly wages were at the rate of $12.00 per hour.

27.     At all times relevant to this litigation, although regularly working 72 hours per week, plaintiff Pipitone only received hourly wages based on forty hours of work and received no overtime benefits, until Vivint agreed to pay overtime benefits beginning in August, 2015. Vivint paid no back overtime wages, only agreeing to pay overtime wages for all work done going forward from August, 2015 and continuing.

28.     Plaintiff Pipitone was never compensated for his overtime hours for all excess hours worked between the dates of October, 2013 and August, 2015, amounting to 2816 hours of uncompensated overtime labor.

29.     Plaintiff Canelo began working for Vivint in September, 2013 and was employed as a Panel Installer. As he was a resident of Nassau County, NY at the time of his employment, he was assigned to Vivint's Long Island regional office, located in Plainview, NY (hereinafter Plainview office). His immediate supervisors were Dan Garity and Michael Mortenson, who were employed by Vivint as the Operations Managers of the Plainview office. His employment terminated in July, 2017.

30.     Throughout his employment at Vivint, Canelo worked Monday through Saturday, arriving at work at 6 a.m. and not leaving until approximately 6 p.m, with one half hour for lunch, often taken while in transit between job sites, and two fifteen minute breaks. He conducted the installation of solar panels, along with a team which included three other individuals.

31.     At all times relevant to this litigation, Canelo and Vivint had an agreement that he would be paid on an hourly basis for his work on behalf of Vivint. Canelo's hourly wages were at the rate of $13.00 per hour.

32.     At all times relevant to this litigation, although regularly working 72 hours per week, plaintiff Canelo only received hourly wages based on forty hours of work and received no overtime benefits, until Vivint agreed to pay overtime benefits beginning in August, 2015. Vivint paid no back overtime wages, only agreeing to pay overtime wages for all work done going forward from August, 2015 and continuing.

33.     Plaintiff Canelo was never compensated for his overtime hours for all excess hours worked between the dates of September, 2013 and August, 2015, amounting to 2944 hours of uncompensated overtime labor.

34.     Plaintiff Rey began working for Vivint in September, 2014 and was employed as an Electrical Apprentice and then an Electrician. As he was a resident of Nassau County, NY, he was assigned to Vivint's Long Island regional office, located in Plainview, NY (hereinafter Plainview office). His immediate supervisors were Dan Garity and Michael Mortenson, who were employed by Vivint as the Operations Managers of the Plainview office. His employment terminated in March, 2017.

35.     Throughout his employment at Vivint, Rey worked Monday through Saturday, arriving at work at 6 a.m. and not leaving until approximately 6 p.m, with one half hour for lunch, often taken while in transit between job sites, and two fifteen minute breaks. He conducted and oversaw the installation of solar panels, along with a team which included three other individuals.

36.     At all times relevant to this litigation, Rey and Vivint had an agreement that he would be paid on an hourly basis for his work on behalf of Vivint. Rey's hourly wages were at the rate of $12.00 per hour.

37.     At all times relevant to this litigation, although regularly working 72 hours per week, plaintiff Rey only received hourly wages based on forty hours of work and received no overtime benefits, until Vivint agreed to pay overtime benefits beginning in August, 2015. Vivint paid no back overtime wages, only agreeing to pay overtime wages for all work done going forward from August, 2015 and continuing.

38.     Plaintiff Rey was never compensated for his overtime hours for all excess hours worked between the dates of September, 2014 and August, 2015, amounting to 1152 hours of uncompensated overtime labor.

39.     Sometime in October, 2014, after having received numerous complaints regarding the lack of compensation for overtime hours, the regional Operations Managers of the Vivint Plainview office, Dan Garity and Michael Mortenson, called an employee meeting.

40.     At said meeting the electricians and panel installers, including all plaintiffs named herein, were informed that changes were being made and that the size of teams were being cut.

41.     The electricians and panel installers objected to these changes, stating that they were already working more than 70 hours per week and that decreasing the size of installation teams would cause each installation project to take longer.

42.     At said meeting, plaintiff Garofalo publicly stated that all electricians and installers were "routinely working 60, 70 or even 80 hours per week" and demanded

compensation for overtime hours, specifically referencing the "New York Department of Labor."

42.     At said meeting, the Operations Managers responded that "you can't write down more than 40 hours," and Dan Garity specifically publicly stated "if you don't like the company policy, you can leave."

## IV.   FIRST CLAIM FOR RELIEF

43.     Plaintiffs repeat, re-allege and incorporate by reference all preceding paragraphs.

44.     Plaintiffs work and duties required the performance of manual and technical labor, consisting of loading and unloading materials, hauling such materials up onto the roof of a private residence, installing such materials and ensuring all materials are in proper working condition.

45.     Plaintiffs were therefore classified non-exempt employees and were entitled to be paid minimum wages, overtime wages, receive accurate wage statements, and receive meal and rest periods, as required by New York law. While plaintiffs were paid by piece-rate, this compensation is deemed "bonus compensation" and occurred only while the plaintiffs were engaged in performing an installation. It was not compensation for the additional hours plaintiffs were required to be at the local office, for the purposes of loading materials in the morning before going to a job site and unloading materials in the evening after returning from the last job site.

46.     All job sites tasked to Plaintiffs were assigned by the regional and local Operations Managers; therefore the Operations Managers had actual knowledge as to exactly how long plaintiffs were working during the day. Further, Operations Managers

would routinely assign new job tasks although having knowledge that plaintiffs had already worked an eight hour day.

47.     Defendant failed to pay plaintiff at a rate of one-and-one-half times plaintiffs' regular pay rate for all hours worked in excess of forty in a given week. Further, defendant willfully failed to pay the legally mandated overtime rate despite plaintiffs' public demand for same; instead, defendant's supervisory employees implicitly threatened the retaliatory termination of employment, without cause.

48.     As a result of defendant's willful violation of plaintiffs' rights under the New York Minimum Wage Act and the New York Wage Theft Prevention Act, plaintiffs are entitled to recover from the defendant for unpaid overtime wages, an equal amount in liquidated damages, prejudgment interest, the costs of this proceeding and reasonable attorney's fees, pursuant to NY Labor Law Sec. 198 and NY Labor Law Sec. 663.

## V.     SECOND CLAIM FOR RELIEF

49.     Plaintiffs repeat, re-allege and incorporate by reference all preceding paragraphs.

50.     Defendant failed to pay plaintiff at a rate of one-and-one-half times plaintiffs' regular pay rate for all hours worked in excess of forty in a given week. Further, defendant willfully failed to pay the legally mandated overtime rate despite plaintiffs' public demand for same; instead, defendant's supervisory employees implicitly threatened the retaliatory termination of employment, without cause, in violation of 29 U.S.C. Sec. 207 (a) (1).

51.     As a result of defendant's willful violation of plaintiffs' rights under the Fair Labor Standards Act, plaintiffs are entitled to recover from the defendant for unpaid

overtime wages, an equal amount in liquidated damages, prejudgment interest, the costs of this proceeding and reasonable attorney's fees.

## VI.   THIRD CLAIM FOR RELIEF

52.   Plaintiffs repeat, re-allege and incorporate by reference all preceding paragraphs.

53.   Defendant failed to provide plaintiffs, at the time of their hire, a notice including information about the rate and basis of plaintiffs' pay, and defendant's name, address and telephone number, as required by New York Labor Law Sec. 195 (1) (a).

54.   As a result of defendant's violations, each plaintiff is entitled to recover from defendant $50 per each work day, for each work day following the start of his employment in which defendant failed to provide the required notice, up to a maximum penalty amount of $5000, as well as the costs of this action, prejudgment interest and reasonable attorney's fees, pursuant to NY Labor Law Sec. 198 (1) (b).

## VII.   PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully requests that this Court grant the following relief:

a)   Declare defendant's conduct as complained of herein, to be in violation of the Fair Labor Standards Act, the New York Minimum Wage Act and the New York Wage Theft Prevention Act;

b)   Award plaintiff unpaid overtime wages and an additional amount in liquidated damages, pursuant to NY Labor Law Sec. 198 and NY Labor Law Sec. 663 and the Fair Labor Standards Act;

c)   Award plaintiffs prejudgment interest;

d)    Award plaintiffs the costs of this action, together with reasonable

attorney's fees, pursuant to NY Labor Law Sec. 198 and NY Labor Law Sec. 663 and the

Fair Labor Standards Act;

e)    Award plaintiffs such other and further relief as this Court deems

necessary, just and proper.

Dated: Lynbrook, New York                  .
      April 17, 2018

By: _____
EITAN NOE, ESQ.
MANDELL & SANTORA
Attorneys for Plaintiffs
29 Broadway
Lynbrook, New York 11563-2640
(516) 599-6999
(EN-3122)

TO:    Vivint Solar, Inc.
       1800 W. Ashton Blvd.
       Lehi, Utah 84043

## ATTORNEY VERIFICATION

STATE OF NEW YORK)

                              SS.:

COUNTY OF NASSAU)

      EITAN NOF, being duly sworn, deposes and says, that:

      The undersigned is an attorney admitted to practice in the Courts of New York; is the attorney of record for the plaintiff in the within action; has read the foregoing summons and complaint and knows the contents thereof; the same is true to affirmant's own knowledge, except as to those matters said to be upon information and belief and as to those matters, affirmant believes it to be true.  This verification is made by affirmant because plaintiff does not reside in the county where affirmant maintains his office.  The grounds of affirmant's belief as to those matters not stated upon affirmant's own knowledge are as follows:  Information and facts as contained in the file.

_____
EITAN NOF

Affirmed this April 17, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PAUL GAROFALO, JOHN SILIEZAR,
STEVE PIPITONE, JUAN CANELO
and PETER REY

                             Plaintiffs,

         -against-


VIVINT SOLAR, INC.,

                           Defendant.
-------------------------------------------------------------------X

---

## SUMMONS & VERIFIED COMPLAINT

---

EITAN NOF, ESQ.

MANDELL & SANTORA

Attorneys for Plaintiff

29 Broadway

Lynbrook, New York 11563

(516) 599-8866