UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL GAROFALO, JOHN SILIEZAR, STEVE PIPITONE, JUAN CANELO, PETER REY, JONATHAN SIMINGTON, JESUS ZAPATA, DAVID ORELLANA, JAMAL THALIB, ALEXANDER HIDALGO, FRANCIS RICCIO, and GABRIEL APARICIO,<br><br>          PLAINTIFFS,<br><br>  -VS-<br><br>VIVINT SOLAR, INC.,<br><br>           DEFENDANT. | CONFIDENTIALITY STIPULATION & ORDER<br><br>Case No.: **18-cv-02272** (ARR) (PK) |

## CONFIDENTIALITY ORDER

  To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect the confidentiality of medical records, as well as material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is hereby **ORDERED**:

**1. Nondisclosure of "Confidential" Documents**

  a. A "Confidential" document means any document produced in this litigation which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings it to the attention of a reasonable examiner) "CONFIDENTIAL" to signify that it contains information believed to be subject to protection. For purposes of this Order, the term "Confidential Information" shall mean any information that meets the standards for protection under Rule 26(c) of the Federal Rules of Civil Procedure. For purposes of this Order, all documents and/or records produced by any party shall automatically be deemed confidential and shall not be required to bear such a legend. For purposes of this Order, the term "document" means documents and things subject to copying and inspection under Rule 34 of the Federal Rules of Civil Procedure, including but not limited to employment records, records produced while in the course of employment, tax records, personal financial documents and other written, recorded or graphic material, whether produced or created by a party or another person, whether produced pursuant to subpoena, by agreement, or otherwise and shall include but is not limited to interrogatory answers, transcripts of examinations under oath, transcripts of examinations before

trial, responses to requests for admission and other discovery responses that quote, summarize or contain material entitled to protection.

      b.      Except as provided in subparagraph (a) above and paragraph 3 below or with the prior written consent of the party or other person originally designating a document produced in this litigation to be stamped as a "Confidential" document, or as hereinafter provided under this Order, no document produced and designated as "Confidential" in this litigation may be disclosed to any person or entity except as set forth in paragraph 2 below.

**2.**      **Confidentiality of Documents obtained through discovery of non-parties**

      a.      Prior to inspection, review or use, of any document or documents concerning any party (the "Concerned Party"), that were received or obtained pursuant to subpoena, authorization or other legal process upon a third party or non-party in possession or control of such documents or documents, and which the Concerned Party has not produced and therefore not had an opportunity to inspect, review and mark as "Confidential," such documents shall be made available to the Concerned Party for its inspection and review, and the Concerned Party shall be provided an opportunity to mark such documents as "Confidential." Upon completion of its inspection and review, but in no event longer than 10 days following notification that such documents are available for inspection and review, the Concerned Party shall notify the other Party which, if any, documents are being marked as "Confidential." Thereafter, the Party in receipt of such documents from a third party or non-party shall be entitled to review the documents, regardless of whether the Concerned Party reviewed and marked as "Confidential" any of the documents for which notice was provided under the paragraph. Nothing herein shall be interpreted or construed as relieving the Concerned Party of timely filing a motion for a protective order with respect to any subpoena.

**3.**      **Permissible Disclosures of "Confidential" Documents**

      a.      Notwithstanding Paragraph 1, "Confidential" documents may be disclosed to the parties to this action; counsel for the parties in this action; to the partners, associates, secretaries, paralegals, assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation; to persons or entities that are clearly identified in the document as an author, addressee, or carbon-copy recipient; to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court); and any other person mutually agreed upon by the parties. Subject to the provisions of Paragraph 3 (b), such documents may also be disclosed to:

      i.      any person designated by the Court in the interest of justice, upon such terms as the Court may deem just and proper;

      ii.      persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify;

   iii. outside consultants or experts retained for the purpose of assisting counsel in the litigation; and

   iv. entities and employees of entities involved solely in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data.

 b. In all such cases where disclosure is to be made to any person or entity listed in Paragraph 3(a) (i) - (iv), such individual or entity must sign the Confidentiality Agreement annexed hereto as Exhibit A. Any individual or entity listed in Paragraph 3(a) (i) - (iv) that refuses to sign Exhibit A shall not be permitted to have access to or view the "Confidential" document. The Attorney making or seeking to make the disclosure shall maintain each executed Confidentiality Agreement in his/her files.

**4. Declassification**

 A party (or aggrieved person permitted by the Court to intervene for such purpose) may object to the designation of a document or category of documents as "Confidential" by first stating such objection in writing to the designating party. If the parties cannot agree on a proper designation for the document(s) within 10 business days of written notice, the objecting party or aggrieved person may apply to the Court for a ruling that a document or category of documents designated as "Confidential" is not entitled to such status and protection. The party or other person that so designated the document shall be given notice of the application and an opportunity to respond. To maintain protected status, the proponent will have the burden of establishing that the information meets the standards that have evolved under Rule 26(c) and must show by a preponderance of the evidence that there is good cause for the document to have such protection. The document, however, shall maintain its original designation as "Confidential" until the Court resolves the dispute over the applicable designation.

**5. Use of "Confidential" Documents in a Deposition**

 a. A deponent may during the deposition be shown and examined about a "Confidential" document if the deponent is the author or a named recipient of the document or is the party that produced such Confidential document or if the applicable provisions of paragraphs 1(b) are complied with. Deponents shall not retain or copy any "Confidential" document that is provided to them during the course of their deposition.

 b. In the event that any question is asked at a deposition that requires the disclosure of "Confidential" information, such question shall nonetheless be answered by the witness fully and completely. At the request of the party designating discovery material as "Confidential," all persons other than the witness, the parties, counsel for the parties, any other person designated in paragraph 3 above, and the court reporter shall leave the room during the time this information is disclosed or discussed. The attorney designating the information as "Confidential" may also contemporaneously notify all other counsel on the record that the information disclosed will be designated as "Confidential" in accordance with Paragraph (6)(c).

c. Parties (and deponents) may, within 30 days after receiving the official deposition transcript, designate pages of the transcript (and exhibits thereto) as "Confidential." "Confidential" information within the deposition transcript may be designated by underlining the portions of the pages that contain "Confidential" information and marking such pages with the following legend: "CONFIDENTIAL." Until expiration of the 30-day period, the entire deposition will be treated as subject to the protection afforded to "Confidential" documents. If a timely designation is made, the "Confidential" portions and exhibits shall be subject to the terms of this Order and may only be accessed and reviewed in accordance with the terms contained in this Order.

**6.     Use of "Confidential" Documents at a Hearing or Trial**

a. "Confidential" documents may be offered in evidence at trial or any court hearing, provided that (1) such documents or other information shall be retained under seal by the Court or the trier of fact and be subject to the terms of this Order; and (2) the proponent of the evidence gives five (5) days advance notice, consisting of a statement that "Confidential" documents or information will be presented at the hearing or trial, to counsel for any party or other person that designated the documents as "Confidential." Any party may also move the Court for an order that the evidence be received in camera or under any other conditions to prevent unnecessary disclosure. Nothing contained in this paragraph shall prohibit any party from moving the Court for any other order that the party may deem appropriate.

b. With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any questions or line of questioning calls for the disclosure of "Confidential" information, counsel may designate on the record prior to such disclosure that such information is subject to the terms of this Order. Subject to further order of the Court, any presentation of "Confidential" information to this Court or prior to trial shall be made in the presence of only the presiding officer and other court personnel, jurors, an authorized court reporter, counsel of record for the parties, the witness who will be questioned on such document(s) at any hearing or trial, and such other person to whom disclosure is permitted under the terms of this Order. Prior to the disclosure of any "Confidential" documents or information, the presiding officer or Clerk of the Court shall advise all court personnel, jurors, witnesses and court reporters of the confidential nature of this information and of the duty to maintain the confidentiality of such information.

**7.     Use of "Confidential" Documents and Information in Legal Documents**

If any party wishes to file information or documents which have been designated as "Confidential" with the Court, such party must first e-file a motion seeking leave to file such information or documents under seal, and shall only file such information or documents with the Court in accordance with the procedures set forth in Addendum 1, annexed hereto. The same requirement set forth in this Paragraph 8, and in Addendum 1, shall apply if any information designated as "Confidential" is quoted, attached to, or substantially paraphrased in any pleading, motion, memorandum, appendix, or other judicial filing. Disclosure of any portion of the transcript of a deposition which reflects or contains "Confidential" information or documents shall render the pleading, motion, memorandum, appendix or other judicial filing subject to the

4

terms of this Order and the filing process set forth in Addendum 1. Nothing contained herein limits a producing party's use or disclosure of its own discovery material..

**8.     Use**

In the event that any person or entity referred to in paragraph 3 of this Order is served with legal process or otherwise required to disclose, either by statute or other compulsory process, any confidential information (the "Disclosing Entity") by any person or entity not covered by this Order, including, without limitation, other insurance carriers, state, local or federal agencies, the National Insurance Crimes Bureau or litigants in other litigation, the Disclosing Entity shall give notice thereof, by telephone and facsimile, as soon as practicable but in any event sufficiently prior to the requested disclosure to afford an opportunity to intervene for any party who may be adversely affected by the disclosure.

**9.     Production of Documents**

In order to facilitate the prompt and thorough document production, the parties shall undertake all reasonable efforts to produce copies of requested and discoverable documents in electronic format. Any documents maintained by a producing party, in the ordinary course of business, in hard-copy form only, may be produced in electronic format at the producing party's discretion. In lieu of the foregoing each party shall make available to each other's counsel, at the offices of their respective counsel, or location that they might otherwise designate, documents to be produced in this litigation, in either paper or electronic format. Notwithstanding the foregoing, no party shall have any obligation to produce documents in a form or manner other than that required by Rule 34 of The Federal Rules of Civil Procedure.

The reviewing party may designate documents that it seeks copies of. The producing party's counsel may review any material sought by the reviewing party prior to production for privilege, work product, or other issues and designate any material CONFIDENTIAL if required. The producing party will withhold any material designated as privileged or work product from the copies produced to the reviewing party, but will accompany such production with a privilege log identifying the documents withheld. Notwithstanding the foregoing, nothing contained in this Order shall prohibit a producing party from withholding documents prior to their production and review and inspection by the reviewing party, subject to the providing of a privilege log identifying the documents withheld.

**10.    Non-Termination**

The provisions of this order shall not terminate at the conclusion of this action. Within 60 days after final conclusion of all aspects of this litigation, "Confidential" documents and all copies (including summaries and excerpts) shall be returned to the party or person that produced such documents or, at the option of the producer, be destroyed.  All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 60 days after final termination of this litigation, provided, however, that counsel for the parties may retain in their own files all pleadings, court filings, transcripts, exhibits, notes and memoranda and work product embodying Confidential

documents; provided further, however, that any such pleadings, court filings, transcripts, exhibits, notes and memoranda and work product retained shall remain confidential and subject to the restrictions contained in this Order.

**11.    Modification Permitted**

Nothing herein shall prevent any party from moving for an amendment of this Order or from in any way seeking further, greater, or lesser protection with respect to the use or disclosure of any Confidential documents or from objecting to discovery that it believes to be otherwise improper.

**12.    Responsibility of Attorneys**

The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of "Confidential" documents.

**13.    No Waiver**

a.    Review of the "Confidential" documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

b.    The inadvertent, unintentional, or in camera disclosure of confidential or privileged documents shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality or privilege, as to the documents themselves, or as to any other documents or information not disclosed.  Nothing contained in this paragraph shall prevent a party from moving the Court for an order declaring that a disclosure was inadvertent or unintentional.

c.    The intentional disclosure of a confidential document in a manner in violation of or inconsistent with the terms of this Agreement shall be submitted to the Court for consideration of appropriate sanctions.

d.    Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the "Confidential" documents sought.

<table>
<tr><td>

Dated: September ___, 2019

     *s/ Eitan Nof*
Eitan Nof, Esq.
MANDELL & SANTORA
*Attorneys for Plaintiffs*
29 Broadway
Lynbrook, NY  11563
Telephone:  (516) 599-6999
E-Mail:  enof@mandellandsantora.net

</td><td>

Dated: September ___, 2019

     *s/ Scott D. Piper*
Scott D. Piper, Esq.
HARRIS BEACH PLLC
*Attorneys for Defendant*
99 Garnsey Road
Pittsford, NY  14534
Telephone: (585) 419-8621
E-Mail:  spiper@harrisbeach.com

</td></tr>
</table>

**SO ORDERED**,

Date:

_____

**Honorable Peggy Kuo**
**United States Magistrate Judge**
**United States District Court**
**Eastern District of New York**

**EXHIBIT A**

## **CONFIDENTIALITY AGREEMENT**

I, _____, state the following:

I have read and understand the attached Confidentiality Order (the "Order"), and I attest to my understanding that access to information designated as "Confidential" may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Order. I agree to be bound to the terms of the Order, both with respect to this Court's powers of supervision of the litigation of the above-captioned case and to the party that produced the protected documents and information. I further understand that information designated as "Confidential," and any information derived therefrom, may not be used, copied, or disclosed by me to anyone else except in strict accordance with the Order and then only for the prosecution and defense of this Action, except as otherwise expressly provided in the Order or as otherwise directed or ordered by the Court.

Date:_____

_____
Signature

_____
Printed Name

ADDENDUM 1

# United States District Court
# Eastern District of New York

*Documents must not be filed under seal or ex parte unless the court has granted a motion for leave to file under seal. Please follow these steps.*

## Steps for E-filing Sealed Documents - *Civil* Cases

1. **Attorney e-files a Motion for leave to e-file a Sealed Document. The proposed document(s) to be e-filed under seal must be an attachment to this filing.**

   A Notice of Electronic Filing (NEF) will be sent to all case participants.

   At the time of this filing, the Docket Entry will be **public**, but the attached Motion and Proposed Sealed Document(s) will be **sealed**. (Even the filing party will not have access to the attached documents through ECF.)

2. **Judge will enter an order ruling on the Motion for Leave to file Sealed Document(s):**

   A Notice of Electronic Filing (NEF) will be sent to all case participants.

   At the time of this filing, the Docket Entry of the Judge's order will be **public**, but the attached order will be **sealed**.

   ***If the Order grants the Motion for Leave to e- file Sealed Document*** - a prompt will direct the attorney to file the Sealed Document(s) again, using the appropriate Event and the Sealed Document event.

   **For example; to e-file a Sealed Motion to Compel:**
   **Under Motions: select both the Sealed Document _and_ Compel events.**
   **Both selections should appear in the Selected Events box.**

   The NEF will include a link to EDNY's instructions on how to e-file sealed documents, which is posted on our website.

   ***If Order denies the Motion for Leave to e- file Sealed Document***, a prompt will notify attorney that they are not allowed to e-file the Document as a Sealed Document. The attorney may then choose to either e-file it as a public document or not to file it.

**Note**: E-filing a motion for leave to e-file as sealed document is not the same as the e-filing of a motion for leave to e-file an ex parte document. An ex parte document is viewable by court staff and the filing party. A sealed document is viewable only by those with sealed access to the case.

Revised 06/29/2017